# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| **AMANDA BESSETTE**, <br><br> **Plaintiff,** <br><br> v. <br><br> **MENARD, INC.,** <br><br> **Defendant.** | Case No. <br><br><br> **(Removed from the District Court of Shawnee County, Kansas Case No. 2022-CV-000034)** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, Defendant Menard, Inc. ("Defendant") files this Notice of Removal of this case from the District Court of Shawnee County, Kansas, Case No. 2022-CV-000034, where it is currently pending, to the United States District Court for the District of Kansas based on diversity jurisdiction. As grounds for removal, Defendant states:

1. On January 26, 2022, Plaintiff Michelle Sharp ("Plaintiff") filed her Petition in the District Court of Shawnee County, Kansas, Case No. 2022-CV-000034, naming Menard, Inc. as the Defendant. (Ex. A, State Court File).

2. Defendant was served with the Petition on January 31, 2022. (Ex. A, Petition and Summons).[1]

3. Upon information and belief, Plaintiff is a resident of the State of Kansas.

4. Upon information and belief, Plaintiff is at least not a resident of the State of Wisconsin.

---

[1] Defendant is unable to access the entire state court file to download and submit to the Court in this filing without first filing its answer, which would eliminate its ability to file this Notice of Removal. The District Court of Shawnee County is closed today due to weather. Accordingly, Defendant will submit the entire state court file within twenty-one days pursuant to D.KAN.R. 81.2

5. A corporation's citizenship for the purposes of diversity jurisdiction is: (1) the state of incorporation, and (2) the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1); *see also GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004).

6. A corporation's principal place of business is the place where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010). Normally, it is where the corporation maintains its headquarters, i.e. the "nerve center." *Id*.

7. Defendant, Menard, Inc., is a Wisconsin corporation. (Ex. B, Affidavit of Rick Souba ¶3).

8. Defendant's headquarters is located in Eau Claire, Wisconsin. (Ex. B, ¶4).

9. The offices of Defendant's officers and executives are located at its headquarters in Eau Claire, Wisconsin, and out of that location Defendant directs, controls, and coordinates its business. (Ex. B, ¶¶ 4-6).

10. Additionally, Defendant has been found to be "a citizen of Wisconsin for diversity jurisdiction purposes." *Thacker v. Menard, Inc.*, 105 F.3d 382, 384 (7th Cir. 1997); *Colletti v. Menard, Inc.*, No. 14-cv-1358, 2014 WL 404356, at *1 (E.D. Mich. Jan. 29, 2015); *Carpenter v. Menard, Inc.*, No. 2:14-cv-113, 2014 WL 5465747, at *5 (N.D. Ind. Oct. 28, 2014); *Rogers v. Menard, Inc.*, No. 3:15-cv-067, 2015 WL 4064779, at *2 (N.D. Ind. July 2, 2015).

11. Accordingly, for the purposes of federal diversity jurisdiction, Defendant Menard, Inc. is a citizen of the State of Wisconsin, as it is incorporated in Wisconsin and its principal place of business is located in Wisconsin.

12. At the time this action commenced and at all times since, Plaintiff and Defendant are and remain citizens of different states.

13. To satisfy the amount-in-controversy requirement, Defendant must show by a preponderance of the evidence only that "a fact finder *could* legally conclude from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff[s] suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added); *see also James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (party seeking removal must show only that the claims originally asserted in the Complaint "could, that is might, legally satisfy the amount in controversy requirement."). Plaintiff herein seeks damages related to personal injury. (Ex. A, Plaintiff's Petition). Plaintiff damages in excess of $75,000.00. (Ex. A, Plaintiff's Petition, §13). Plaintiff seeks damages for past and future medical treatment, past and future pain and suffering, and future lost wages and enjoyment of life. (Ex. A, Plaintiff's Petition, §12).

14. Accordingly, if a fact finder believes that Plaintiff has proven her claims as alleged, the fact finder *could* legally conclude that the damages sought are greater than $75,000.00. Therefore, this is a civil action over which the District Courts of the United States have original jurisdiction under diversity of citizenship under 28 U.S.C. § 1332(a)(1).

15. Removal of this action is not prohibited by any federal statute.

16. Attached as Exhibit A are all process, pleadings, orders and other documents then on file in the District Court of Shawnee County, Kansas and served on this Defendant.

17. After filing this Notice of Removal, Defendant will file a copy of this pleading with the Clerk of the District Court of Shawnee County, Kansas, and with counsel for all other parties.

18. If any questions arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief and oral argument in support of its position that this action is removable.

WHEREFORE, Defendant Menard, Inc. by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the District Court of Shawnee County, Kansas, effects the removal of said civil action to this Honorable Court.

This 17th day of February 2022.

Respectfully submitted,

MCANANY, VAN CLEAVE & PHILLIPS, P.A.

/s/ *Byron A. Bowles*
Byron A. Bowles, KS Bar #16579
Spencer A. Low, KS Bar #27690
10 East Cambridge Circle Drive, Suite 300
Kansas City, Kansas 66103
Phone:  (913) 371-3838
Fax:  (913) 371-4722
bbowles@mvplaw.com
slow@mvplaw.com

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2022, a copy of the above and foregoing was served electronically, via email, and via the Court's CM/ECF system which generated electronic notice of same to the following counsel:

Roger D. Fincher
Law Office of Roger Fincher
1263 SW Topeka Blvd.
Topeka, KS 66612
(785) 430-5770
Attorney for Plaintiff
**ATTORNEYS FOR PLAINTIFF**

/s/ *Byron A. Bowles*
Attorneys for Defendant

4